IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,       )
                              )     C.C.A. No. 03C01-9811-CR-00409

     Appellee,            )

                              )     Polk County

v.                        )

                              )     Honorable R. Steven Bebb, Judge

GEORGE JOSEPH RAUDENBUSH, III,  )

                              )     (Speeding)

     Appellant.           )

FOR THE APPELLANT:

George Joseph Raudenbush, III, *pro se*
P. O. Box 261
Ducktown, TN 37326

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General

DANIEL RAY SWAFFORD
Assistant District Attorney General
130 Washington Avenue, N.E.
P. O. Box 647
Athens, TN 37371-0647

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

## O P I N I O N

Using Doppler radar, Copperhill Police Officer Karl Helcher clocked the defendant, George Joseph Raudenbush, III, traveling 47 miles per hour in a 25 miles per hour zone. The defendant appeared in Copperhill Municipal Court on June 23, 1998 and was found guilty of speeding. Upon appeal to the Polk County Criminal Court, a bench trial was held. The court found the defendant guilty of speeding. The defendant timely appealed. Based upon our review of this matter, we affirm the decision of the Polk County Criminal Court.

## I. CERTIFICATION OF ARRESTING OFFICER

The defendant contends that, because Officer Karl Helcher was not a certified peace officer in Tennessee, the arrest in this case was illegal.

Private citizens have the authority to effectuate warrantless arrests for misdemeanors committed in their presence. Tenn. Code Ann. § 40-7-109(a)(1) (1997). This statute has been interpreted to cure a defective, warrantless arrest by a law enforcement officer acting outside his jurisdiction. State v. Johnson, 661 S.W.2d 854, 859 (Tenn. 1983); State v. David C. Doyal, No. 03C01-9712-CR-00552, 1998 WL 597081, at *2 (Tenn. Crim. App., Knoxville, Sept. 10, 1998); State v. Horace Durham, No. 01C01-9503-CC-00056, 1995 WL 678811, at *2 (Tenn. Crim. App., Nashville, Nov. 16, 1995). For this reason, the trial court found the status of the officer's certification to be immaterial and instead focused on the reliability of the proof presented. Based on our review of the evidence presented, we find the trial court did not err in finding the defendant guilty of the offense charged.

## II. DENIAL OF DISCOVERY REQUESTS

The defendant complains the trial court erred in refusing his request for a subpoena duces tecum. Although the defendant has included a copy of the subpoena as an exhibit to his brief, the document is not included in the record or with the exhibits to the trial court proceedings. Further, no discussion of the subpoena is found in the transcript of the court proceedings. From the record before us, we have no indication that the matter was ever

2

brought to the trial court's attention. Because the defendant did not raise the issue in the trial court, he has waived this issue for purposes of this appeal. State v. Davis, 751 S.W.2d 167, 171 (Tenn. Crim. App.), perm. app. denied (Tenn. 1988); Tenn. R. App. P. 36(a).

### III. JURISDICTION

The defendant also complains the Polk County Criminal Court did not have personal or subject matter jurisdiction. However, the offense occurred in Polk County and the Polk County Criminal Court has jurisdiction over appeals from General Sessions Court. Tenn. Code Ann. § 27-5-108 (1980). For this reason, this assignment has no merit.

For the foregoing reasons, we affirm the decision of the Polk County Criminal Court.

_____
ALAN E. GLENN, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE

3